FILED

1  Benjamin Schonbrun (SBN 118323)
   Michael D. Seplow (SBN 150183)
2  Menaka N. Fernando (SBN 271380)
   SCHONBRUN DESIMONE SEPLOW
3  HARRIS HOFFMAN & HARRISON LLP
   723 Ocean Front Walk
4  Venice, CA 90291
   Telephone:  (310) 396-0731
5  Fax:  (310) 399-7040

6

7  Attorneys for Plaintiff
   CINDY ORELLANA

2012 MAR -7  PM 3: 47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

8

9

10                  **UNITED STATES DISTRICT COURT**

11                  **CENTRAL DISTRICT OF CALIFORNIA**

12  CINDY ORELLANA,                          ) CASE NO. **CV12  1944** MMM
                                             )                        (CWx)
13                   Plaintiff,              ) **COMPLAINT FOR:**
                                             )
14                                           ) **(1) UNREASONABLE SEARCH**
         v.                                  ) **AND SEIZURE - WARRANTLESS**
15                                           ) **SEARCH (Fourth and Fourteenth**
                                             ) **Amendments);**
16  COUNTY OF LOS ANGELES, a local          )
    public entity, Sheriff LEROY BACA,      ) **(2) UNREASONABLE SEARCH**
17  individually and in his official        ) **AND SEIZURE - FALSE ARREST**
    capacity, DEPUTY V. FELIX,              ) **(Fourth and Fourteenth**
18  individually and in her official        ) **Amendments)**
    capacity, and DOES 1-10,                )
19                                           ) **(3) MALICIOUS PROSECUTION**
                     Defendants.             ) **(Fourth and Fourteenth**
20                                           ) **Amendments)**
                                             )
21  _____         ) **(4) DEPRIVATION OF LIBERTY**
                                               **WITHOUT DUE PROCESS,**
22                                             **VIOLATION OF EQUAL**
                                               **PROTECTION**
23                                             **(Fourteenth Amendment);**

24

25                                             **DEMAND FOR JURY TRIAL**

26

27

28

1

2    Plaintiff Cindy Orellana ("Plaintiff") upon information and belief, alleges

3    the following:

4                              **INTRODUCTION**

5    1. This civil rights action seeks compensatory and punitive damages from

6    Defendants for planting evidence, fabricating charges and falsely arresting and

7    imprisoning Plaintiff Cindy Orellana ("Plaintiff"), without any basis or

8    justification. Plaintiff is a 19-year old college student who was falsely arrested by

9    Defendant Los Angeles County Sheriffs Deputies based on fabricated charges that

10   she was under the influence of illegal drugs. On the evening of January 22, 2011,

11   Plaintiff was pulled over by Sheriff's Deputies near the intersection of Passons

12   Boulevard and Washington Boulevard in Pico Rivera for a routine traffic stop.

13   Sheriff's Deputies ordered Plaintiff and three other passengers out of the car and

14   patted each down. They found nothing to reasonably warrant further search or

15   seizure. At all times Plaintiff and the other passengers complied with each of the

16   deputies' commands. Without justification, the deputies proceeded to unlawfully

17   detain Plaintiff and other passengers in their patrol car and unreasonably search all

18   of Plaintiff's vehicle, including the glove compartment, trunk and Plaintiff's purse.

19   Plaintiff was then confronted by Sheriff's Deputy V. Felix ("Deputy Felix" or

20   "Defendant Felix") in front of the patrol vehicle. Without provocation, Deputy

21   Felix became increasingly hostile and pulled out a plastic bag containing a white

22   powdery substance from inside the Deputy's jacket pocket. Using profane

23   language, the deputy falsely accused Plaintiff of having dropped the bag while

24   inside the patrol vehicle and of being under the influence of a controlled

25   substance.

26   The accusations were baseless, unfounded and false. Plaintiff did not use

27   illegal drugs and was not under the influence of any controlled substance the night

28

1

Complaint for Damages, Demand for Jury Trial

1  of her arrest, and the plastic bag was not hers nor had she ever seen it before.

2  Plaintiff consented to a urine test which came back negative for any illegal

3  substances and supported her innocence. Nevertheless, Plaintiff was falsely

4  imprisoned from January 22, 2011 through January 25, 2011, and was wrongfully

5  charged with being under the influence of a controlled substance in violation of

6  Cal. Health and Safety Code § 11550(a). The criminal charges against her were

7  subsequently dismissed on April 15, 2011. Plaintiff was factually innocent and

8  the deputies involved in her arrest and imprisonment had no probable cause for

9  Plaintiff's arrest and fabricated evidence to justify her arrest and imprisonment.

10  Plaintiff is informed and believes that the deputies were motivated by her race or

11  ethnicity, gender and/or age in making the arrest. Plaintiff is a 19-year-old Latina

12  female. Plaintiff suffered damages including physical injuries, emotional distress

13  and attorneys' fees.

14

15  ## JURISDICTION AND VENUE

16  2. This case arises under 42 U.S.C. §1983. This Court has subject matter

17  jurisdiction over this action pursuant to 28 U.S.C. §1331.

18  3. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (e)

19  in that (1) the unlawful actions challenged herein occurred in the Central District;

20  and (2) the parties reside in the Central District.

21  ## PARTIES

22  4. Plaintiff Cindy Orellana brings this action in her individual capacity. At

23  all relevant times, Plaintiff was a resident of Los Angeles County and a citizen of

24  the state of California.

25  5. Defendant County of Los Angeles ("COUNTY") is a municipality duly

26  organized under the laws of the State of California. At all relevant times,

27  Defendant Does 1-10 were officers and employees of COUNTY. The Los

28

2

1
2
3
4
Angeles Sheriff's Department ("LASD") is a subsidiary of COUNTY. COUNTY is responsible for Plaintiff's injuries under 42 U.S.C. § 1983 because its official policies, practices, and/or customs caused Plaintiff's injuries. COUNTY is also responsible for actions of its employees under a respondeat superior theory.

5
6
7
8
9
6. At all relevant times, Defendant Sheriff's Deputy V. Felix was an employee of the LASD and was a duly authorized COUNTY employee and agent, acting under color of law within the course and scope of her duties as an officer of the Sheriff's Department and with the complete authority and ratification of Defendant County.

10
11
12
13
14
15
16
17
18
7. At all relevant times, Defendant Does 1-10 were members of the LASD and were duly authorized COUNTY employees and agents, acting under color of law within the course and scope of their respective duties as Deputies of the Sheriff's Department and with the complete authority and ratification of Defendant County. The true names of Defendant Does 1-10 are unknown to Plaintiff. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named Defendants is responsible for some part of the conduct of liabilities alleged herein.

19
20
21
8. At all relevant times, Defendant Leroy Baca was Sheriff of Los Angeles County. In that capacity he is the official responsible for setting and enforcing the policies, customs, and practices of the LASD.

22
23
24
25
26
27
28
9. Plaintiff is informed and believes and thereon alleges that each Defendant is, and at all times mentioned was, the agent, employee, representative, successor, and/or assignee of each other Defendant. Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual and apparent authority or the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other

3

Defendant as principal. Plaintiff is informed and believes that each of the individual Defendants was in some way responsible for the constitutional violations and torts alleged in this complaint.

10. As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

11. In committing the acts alleged in this complaint, Defendants acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiff, justifying an award of punitive damages under federal and California law against each individual Defendant.

## MONELL ALLEGATIONS

12. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), COUNTY is liable for all injuries sustained by Plaintiff as set forth herein. COUNTY bears liability because its policies, practices and/or customs caused Plaintiff's injuries. Sheriff Leroy Baca is liable in his individual capacity as well. COUNTY and its officials, including Sheriff Leroy Baca, maintained or permitted one or more of the following official policies, customs, or practices:

A. Failure to provide adequate training and supervision to Sheriff's deputies with respect to constitutional limits on use of search, detention, and fabrication of evidence;

B. Failure to adequately discipline or retrain officers involved in misconduct;

C. Selection, retention, and assignation of officers with demonstrable propensities for unreasonable search and seizure, planting evidence, false arrest

4

1  and imprisonment, dishonesty, and other misconduct;

2      D. Condonation and encouragement of officers in the belief that they can

3  violate the rights of persons such as Plaintiff with impunity, and that such conduct

4  will not adversely affect their opportunities for promotion and other employment

5  benefits;

6      E. Retaining, assigning and selecting officers and deputies with known

7  propensities for unreasonable search and seizure, planting evidence, dishonesty,

8  and other misconduct and failing to take adequate steps to discipline such persons.

9      F. Ratification by the highest levels of authority of the specific

10  unconstitutional acts alleged in this complaint.

11

12

13                    **FACTS COMMON TO ALL CAUSES OF ACTION**

14      13. On the night of January 22, 2011, Los Angeles Sheriff's Department

15  deputies stopped and arrested Plaintiff Cindy Orellana, a 19-year old female

16  college student as she drove through Pico Rivera. Plaintiff was pulled over by

17  Sheriff's deputies near the intersection of Passons Boulevard and Washington

18  Boulevard for an apparent routine traffic stop. Although the deputies claimed they

19  arrested Plaintiff for suspicion of being under the influence of illicit drugs,

20  Plaintiff's urine sample test demonstrated that she was not under the influence of

21  any illicit drugs at the time of the arrest.

22      14. After stopping Plaintiff for a routine traffic violation, Deputies Felix

23  and at least two other unidentified deputies ordered Plaintiff and her three other

24  passengers out of the vehicle and patted each down. The deputies found nothing

25  on Plaintiff or the other passengers to cause reasonable suspicion of criminal

26  activity. Nevertheless, the Deputies placed Plaintiff and the other passengers

27  inside their patrol car and detained them there for approximately thirty minutes.

28

15. Without justification or consent, the deputies then searched the entirety of Plaintiff's vehicle, including the closed glove compartment, the closed, locked trunk and Plaintiff's purse and wallet inside the trunk. The deputies ran checks on Plaintiff's and the other passengers' I.D. cards multiple times, and each time the I.D. checks came back clear of any information that would warrant further search or seizure.

16. Thereafter the Deputies allowed the other passengers to return to Plaintiff's vehicle. At no point did any of the deputies search the back of the patrol vehicle after ordering Plaintiff and the other three passengers out of the back of the patrol vehicle.

17. At that point, Plaintiff was not allowed to return to her vehicle. Rather, Plaintiff was confronted by Defendant Felix in front of the patrol vehicle. Deputy Felix's manner suddenly changed as she pulled out a bag from the inside of her jacket pocket. The bag contained a white powdery substance. Then Deputy Felix held up the bag and asked Plaintiff aggressively, "What the fuck is that?"

18. Plaintiff, afraid and confused by the false accusation, repeatedly told Defendant Felix that the bag did not belong to her. Deputy Felix did not listen and became more hostile. The deputy continued to use profane language to accuse Plaintiff of being under the influence of illicit drugs. Deputy Felix called Plaintiff a "fucking tweaker" and a "a crackhead," among other things and shone a flashlight in Plaintiff's eyes. The deputy threatened Plaintiff that if she did not confess to owning the bag and being under the influence, she would have to spend the weekend in jail and her car would be towed. At no point did Plaintiff disobey any orders or resist Deputy Felix or any of the other deputies in any way. There was no legitimate reason for any deputy to be hostile against Plaintiff at any time.

19. Plaintiff is informed and believes and thereon alleges that Deputy Felix and the other deputies knowingly planted the bag in the back of their patrol

6

vehicle and/or either fabricated the charges against Plaintiff or falsely arrested Plaintiff without justification.

20. Shortly thereafter, Deputy Felix went to the other passengers to ask them whether Plaintiff was under the influence. One of the passengers informed the deputy that Plaintiff does not use drugs. Then the deputy returned to Plaintiff and with no basis for doing so, accused the other passengers of being under the influence too.

21. Defendant Felix then grabbed Plaintiff by the arm, handcuffed her, placed Plaintiff in the back of her patrol vehicle. Defendant Felix then transported Plaintiff to the Pico Rivera Station. The deputies arrested Plaintiff without probable cause and failed to read Plaintiff her *Miranda* rights at any point before or after taking Plaintiff into custody and interrogating her.

22. At the station, Plaintiff consented to a urine test which showed no trace of any illegal substances. Nevertheless, Plaintiff was detained for over two days at the Pico Rivera Station.

23. Defendants fabricated charges against Plaintiff of being under the influence of a controlled substance, a violation of Healthy and Safety Code § 11550(a). Plaintiff faced a jail sentence from 90 days up to one year. Plaintiff had no prior criminal record and suffered much fear and anxiety about what impact this false charge would have on her education and career. The false charges against Plaintiff were dismissed on April 15, 2011 in their entirety in the furtherance of justice. Plaintiff had to retain a criminal defense attorney to contest the bogus charges.

24. Plaintiff is informed and believes and thereon alleges that the deputies were motivated by her race or ethnicity, gender and/or age in making the arrest. Plaintiff is a 19-year-old Latina female. Plaintiff suffered damages including physical injuries, emotional distress and attorneys' fees.

7

25.  Plaintiff suffered physical injury to her wrists where Offer Felix had handcuffed her.  Plaintiff also suffered from sleep deprivation immediately following the incident.  Plaintiff suffered and still suffers symptoms including but not limited to fear, trauma, anxiety, humiliation and emotional distress as a result of the incident.

### FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure - Warrantless Search (42 U.S.C. § 1983)**

**Fourth and Fourteenth Amendments**

**(Against all Defendants)**

26.  Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27.  Defendants made a warrantless, non-consensual search of Plaintiff's person without justifications.  Defendants also made a warrantless, non-consensual search of Plaintiff's entire vehicle, including the closed glove compartment, closed, locked trunk and a closed purse and wallet that belonged to Plaintiff without justification.  Further, Plaintiff was unreasonably denied re-entry into her vehicle, nor was she allowed to retrieve personal items such as her purse, wallet or keys.

28.  Defendants' conduct also caused Plaintiff extreme emotional and physical distress and humiliation.

29.  Plaintiff's claims against Defendants COUNTY and Sheriff Leroy Baca are based on their maintaining and permitting the practices, policies and customs described in Paragraph 11.  On information and belief, instead of taking proper steps to discipline these deputies, Sheriff Leroy Baca condoned, encouraged, fostered and/or ratified the unlawful conduct of the Defendant deputies.  Plaintiff is further informed and believes and thereon alleges that Defendants Sheriff Leroy

1  Baca and COUNTY have ratified the individual deputies' unconstitutional conduct
2  towards Plaintiff.

3  30. As a result of their conduct, Defendants are liable for Plaintiff's
4  injuries, either because they were integral participants in the misconduct, or
5  because they failed to intervene when they had the opportunity and duty to do so
6  to prevent these violations.

7  31. Plaintiff alleges that the acts of the individual Defendants were willful,
8  malicious, intentional, oppressive, reckless, and/or were done in willful and
9  conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the
10  awarding of punitive and exemplary damages in an amount to be determined at
11  time of trial against the individual Defendants.

12  32. As a direct and legal result of Defendants' acts and omissions, Plaintiff
13  has suffered damages, including, without limitation, pain and suffering, extreme
14  mental and emotional distress, physical injuries, attorneys' fees, costs of suit, and
15  other pecuniary losses not yet ascertained.

16

17

18  ## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure - False Arrest (42 U.S.C. § 1983)**

**Fourth and Fourteenth Amendments**

**(Against all Defendants)**

21  33. Plaintiff repeats and realleges each and every allegation in paragraphs 1
22  through 32 of this Complaint with the same force and effect as if fully set forth
23  herein.

24  34. Defendants planted evidence and/or falsely reported that the bag of
25  white powder on Defendant Felix's person belonged to Plaintiff. Without
26  justification, Defendants, Deputy Felix in particular, mistreated Plaintiff,
27  threatened her and further fabricated charges against Plaintiff of being under the

28

9

1  influence of a controlled substance, a violation of Healthy and Safety Code §
2  11550(a).

3      35. Defendants falsely arrested Plaintiff and detained her at the LASD Pico
4  Rivera Station for over two days without probable cause. Defendants, Deputy
5  Felix, in particular, mistreated Plaintiff, threatened her and fabricated evidence
6  against Plaintiff. Although the deputies claimed they arrested Plaintiff for
7  suspicion of being under the influence of illegal substances, Plaintiff's urine
8  sample test demonstrated that she was not under the influence at the time of the
9  arrest. The fabricated and/or false charges against Plaintiff were subsequently
10  dismissed on April 15, 2011.

11      36. Defendants' conduct also caused Plaintiff extreme emotional and
12  physical distress and humiliation, physical injuries and sickness.

13      37. Plaintiff's claims against Defendants COUNTY and Sheriff Leroy Baca
14  are based on their maintaining and permitting the practices, policies and customs
15  described in Paragraph 11. On information and belief, instead of taking proper
16  steps to discipline these deputies, Sheriff Leroy Baca condoned, encouraged,
17  fostered and/or ratified the unlawful conduct of the Defendant deputies. Plaintiff
18  is further informed and believes and thereon alleges that Defendants Sheriff Leroy
19  Baca and COUNTY have ratified the individual deputies' unconstitutional conduct
20  towards Plaintiff.

21      38. As a result of their conduct, Defendants are liable for Plaintiff's
22  injuries, either because they were integral participants in the misconduct, or
23  because they failed to intervene when they had the opportunity and duty to do so
24  to prevent these violations.

25      39. Plaintiff alleges that the acts of the individual Defendants were willful,
26  malicious, intentional, oppressive, reckless, and/or were done in willful and
27  conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the
28

10

Complaint for Damages Demand for Jury Trial

1  awarding of punitive and exemplary damages in an amount to be determined at

2  time of trial against the individual Defendants.

3      40.  As a direct and legal result of Defendants' acts and omissions, Plaintiff

4  has suffered damages, including, without limitation, pain and suffering, extreme

5  mental and emotional distress, physical injuries, attorneys' fees, costs of suit, and

6  other pecuniary losses not yet ascertained.

7

8                          **THIRD CLAIM FOR RELIEF**

9                  **Malicious Prosecution (42 U.S.C. § 1983)**

10                      **Fourth and Fourteenth Amendment**

11                          **(Against All Defendants)**

12      41.  Plaintiff repeats and realleges each and every allegation in paragraphs 1

13  through 40 of this Complaint with the same force and effect as if fully set forth

14  herein.

15      42.  Defendants falsely arrested Plaintiff and detained her at the LASD Pico

16  Rivera Station for over two days without probable cause. Defendants, Deputy

17  Felix, in particular, mistreated Plaintiff, threatened her and fabricated evidence

18  against Plaintiff. Although the deputies claimed they arrested Plaintiff for

19  suspicion of being under the influence of illegal substances, Plaintiff's urine

20  sample test demonstrated that she was not under the influence at the time of the

21  arrest. The false charges against Plaintiff were subsequently dismissed on April

22  15, 2011 in its entirety in the furtherance of justice .

23      43.  Plaintiff is informed and believes, and thereon alleges that Defendants

24  prosecuted Plaintiff with malice and without probable cause, and they did so for

25  the purpose of denying Plaintiff equal protection and/or other constitutional rights.

26

27

28

11

Complaint for Damages, Demand for Jury Trial

44. Defendants' conduct also caused Plaintiff extreme emotional and physical distress and humiliation.

45. Plaintiff's claims against Defendants COUNTY and Sheriff Leroy Baca are based on their maintaining and permitting the practices, policies and customs described in Paragraph 11. On information and belief, instead of taking proper steps to discipline these deputies, Sheriff Leroy Baca condoned, encouraged, fostered and/or ratified the unlawful conduct of the Defendant deputies. Plaintiff is further informed and believes and thereon alleges that Defendants Sheriff Leroy Baca and COUNTY have ratified the individual deputies' unconstitutional conduct towards Plaintiff.

46. As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

47. Plaintiff alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

48. As a direct and legal result of Defendants' acts and omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, physical injuries, attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTH CLAIM FOR RELIEF

### Deprivation of Liberty Without Due Process and

### Violation of Equal Protection (42 U.S.C. § 1983)

### Fourteenth Amendment

### (Against All Defendants)

49. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50. Defendants falsely arrested Plaintiff and detained her at the LASD Pico Rivera Station for over two days without probable cause in deprivation of Plaintiff's liberty without due process. Defendants, Deputy Felix, in particular, mistreated Plaintiff, threatened her and fabricated evidence against Plaintiff. Although the deputies claimed they arrested Plaintiff for suspicion of being under the influence, Plaintiff's urine sample test demonstrated that she was not under the influence at the time of the arrest. The fabricated charges against Plaintiff were dismissed on April 15, 2011. Plaintiff is informed and believes and thereon alleges that Defendants' wrongful conduct were racially motivated in violation of her right to equal protection.

51. Defendants' conduct also caused Plaintiff extreme emotional and physical distress and humiliation.

52. Plaintiff's claims against Defendants COUNTY and Sheriff Leroy Baca are based on their maintaining and permitting the practices, policies and customs described in Paragraph 11. On information and belief, instead of taking proper steps to discipline these deputies, Sheriff Leroy Baca condoned, encouraged, fostered and/or ratified the unlawful conduct of the Defendant deputies. Plaintiff is further informed and believes and thereon alleges that Defendants Sheriff Leroy

13

Complaint for Damages, Demand for Jury Trial

1  Baca and COUNTY have ratified the individual deputies' unconstitutional conduct
2  towards Plaintiff.

3      53. As a result of their conduct, Defendants are liable for Plaintiff's
4  injuries, either because they were integral participants in the misconduct, or
5  because they failed to intervene when they had the opportunity and duty to do so
6  to prevent these violations.

7      54. Plaintiff alleges that the acts of the individual Defendants were willful,
8  malicious, intentional, oppressive, reckless, and/or were done in willful and
9  conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the
10  awarding of punitive and exemplary damages in an amount to be determined at
11  time of trial.

12      55. As a direct and legal result of Defendants' acts and omissions, Plaintiff
13  has suffered damages, including, without limitation, pain and suffering, extreme
14  mental and emotional distress, physical injuries, attorneys' fees, costs of suit, and
15  other pecuniary losses not yet ascertained.

16
17
18
19
20
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in their favor and
against Defendants as follows:

A. For compensatory damages in an amount to be determined at trial;

B. For punitive damages against individual Defendants in an amount to be
proven at trial;

C. For reasonable costs of this suit and attorneys' fees; and

D. For such further relief as the Court may deem just, proper, and
appropriate.

1

2    Dated: March 7, 2012          SCHONBRUN DeSIMONE SEPLOW
                                      HARRIS HOFFMAN AND HARRISON LLP

3

4

5                               By:

6                                  Benjamin Schonbrun
                                 Attorneys for Plaintiff

7                                  Cindy Orellana

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

Complaint for Damages, Demand for Jury Trial

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury.

3

4   Dated: March 7, 2012         SCHONBRUN DeSIMONE SEPLOW
                                   HARRIS HOFFMAN AND HARRISON LLP

5

6

7                            By: _____
                                  Benjamin Schonbrun

8                                     Attorneys for Plaintiff

9                                     Cindy Orellana

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV12- 1944 MMM (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

Benjamin Schonbrun (SBN 118323)
Michael D. Seplow (SBN 150183)
Menaka N. Fernando (SBN 271380)
SCHONBRUN DESIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP
723 Ocean Front Walk, Venice, CA 90291
Tel: (310) 396-0731

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CINDY ORELLANA, an individual | CASE NUMBER |
|---|---|
| PLAINTIFF(S)<br><br>v. | **CV 12  1944** ⟵Mmm(Cwx) |
| COUNTY OF LOS ANGELES, a local public entity, Sheriff LEROY BACA, individually and in his official capacity, Officer V. FELIX, individually and in her official capacity, and DOES 1-10,   DEFENDANT(S). | **SUMMONS** |

TO:  DEFENDANT(S): COUNTY OF LOS ANGELES, a local public entity, Sheriff LEROY BACA,
      individually and in his official capacity, Officer V. FELIX, individually and in her official capacity, and
      DOES 1-10,
      A lawsuit has been filed against you.

      Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, Benjamin Schonbrun _____, whose address is
723 Ocean Front Walk, Venice, CA 90291 _____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: March 7, 2012

By: _____ SHARLYN DAVIS _____
                        Deputy Clerk

                        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself □)
CINDY ORELLANA, an individual

**DEFENDANTS**
COUNTY OF LOS ANGELES, a local public entity, Sheriff LEROY BACA, individually and in his official capacity, Officer V. FELIX, individually and in her official capacity, and DOES 1-10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Benjamin Schonbrun, Tel: (310) 396-0731
Michael D. Seplow, Menaka N. Fernando
Schonbrun DeSimone Seplow Harris Hoffman & Harrison, LLP
723 Ocean Front Walk, Venice, CA 90291

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant  □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes □ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** □ Yes ☑ No   □ **MONEY DEMANDED IN COMPLAINT:** $ To be determined at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. §1983 COAs 1-2, Unreasonable Search and Seizure, COA 3, Malicious Prosecution, COA 4,Deprivation of liberty without due process

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 370 Other Fraud | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 371 Truth in Lending | | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 380 Other Personal Property Damage | □ 530 General | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | □ 385 Property Damage Product Liability | □ 535 Death Penalty | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | BANKRUPTCY | □ 540 Mandamus/ Other | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | □ 423 Withdrawal 28 USC 157 | □ 555 Prison Condition | PROPERTY RIGHTS |
| □ 810 Selective Service | | □ 360 Other Personal Injury | CIVIL RIGHTS | FORFEITURE/ PENALTY | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury- Med Malpractice | □ 441 Voting | □ 610 Agriculture | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury- Product Liability | □ 442 Employment | □ 620 Other Food & Drug | □ 840 Trademark |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 443 Housing/Acco- mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | | □ 444 Welfare | | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | IMMIGRATION | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | REAL PROPERTY | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 640 R.R. & Truck | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 463 Habeas Corpus- Alien Detainee | □ 440 Other Civil Rights | □ 650 Airline Regs | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 465 Other Immigration Actions | | □ 660 Occupational Safety /Health | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | | | □ 690 Other | FEDERAL TAX SUITS |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

**CV12   1944**

**FOR OFFICE USE ONLY:**  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

Case 2:12-cv-01944-MMM-CW Document 1 Filed 03/07/12 Page 21 of 21 Page ID #:23

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 3/7/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 2 of 2