UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY ORELLANA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF LOS ANGELES, a local public entity, Sheriff LEROY BACA, individually and in his official capacity, DEPUTY V. FELIX, individually and in her official capacity, and DOES 1-10,<br><br>　　　　Defendants. | CASE NO. CV 12-1944 MMM (CWx)<br>*[Assigned to the Hon. Margaret M. Morrow, Courtroom 780]*<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>*Note changes made by the Court*<br><br>**Complaint Filed:** March 7, 2012<br><br>**TRIAL DATE:**　June 4, 2013 |

Based upon the stipulation of the parties and GOOD CAUSE APPEARING, IT IS ORDERED THAT:

1.　Information contained in the personnel file of DEPUTY VENUS FELIX including citizen's complaints and/or complaints initiated by other law enforcement personnel, within the last five years which assert any of the following allegations: false arrest; improper detention; race or gender-based discrimination; planting of

1

**[PROPOSED] PROTECTIVE ORDER**

evidence; excessive use of force relating to handcuffing; or dishonesty.

2. Information contained in the investigation report into the incident that is the subject of this lawsuit.

3. Good cause exists for issuance of a protective order pursuant to Federal Rule of Civil Procedure Rule 26(c) to facilitate the production of documents and information responsive to the discovery requests of Plaintiff CINDY ORELLANA and to balance the privacy interests and protection of information of DEPUTY VENUS FELIX that DEFENDANTS contend is protected by Cal. Evidence Code section 1040 et seq., the privilege for official information (*Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990)) and Cal. Penal Code section 832.5 et seq. and Cal. Evidence Code sections 1043 and 1045.

IT IS FURTHER STIPULATED THAT:

4. The information and/or documentation referred to in paragraphs 1 and 2 above will be referred to collectively as the "CONFIDENTIAL INFORMATION." The Court orders that the CONFIDENTIAL INFORMATION be released to PLAINTIFF's counsel for purposes of litigation in this matter. The parties and their respective counsel hereby stipulate that the CONFIDENTIAL INFORMATION shall be used in this litigation as follows:

    a. CONFIDENTIAL INFORMATION shall be used solely in connection with this litigation and the preparation of this case, or any related appellate proceeding, and not for any other purpose, including any other litigation or administrative proceedings. Further, PLAINTIFF's Counsel agrees that the actual personnel files shall not be shared with PLAINTIFF although counsel may discuss information obtained from those documents with PLAINTIFF.

    b. CONFIDENTIAL INFORMATION produced in this action may be designated by DEFENDANTS by marking each page of the

|    |    |
|---|---|
| 1  | document(s) with a stamp stating "CONFIDENTIAL"; |

c. At any time after receipt of documents labeled "CONFIDENTIAL," PLAINTIFF may provide DEFENDANTS with a written objection to the classification of specific documents as "CONFIDENTIAL" and the basis for PLAINTIFF's objection. Upon receipt of such written objection, the DEFENDANTS shall provide a written response to PLAINTIFF within three business days. If the DEFENDANTS do not agree with the position of PLAINTIFF, the PLAINTIFF shall have the option of proceeding with a discovery motion, pursuant to Local Rule 37 *et seq.*, contesting the confidential nature of the disputed documents. The parties shall comply with the meet and confer requirements of Local 37 *et seq.* prior to the filing of any such motion. The DEFENDANTS shall bear the burden of establishing the confidential nature of the disputed documents.

d. Under no circumstances shall the CONFIDENTIAL INFORMATION, or the information contained therein, be retained, compiled, stored, used as a database, or disseminated, in any form, except for purposes of this litigated matter in accordance with this Protective Order or by further order of the Court;

e. DEFENDANTS reserve all objections, including but not limited to the following objections: on grounds that particular documents are CONFIDENTIAL by the attorney-client and/or the attorney work product doctrine; official information privilege; are not likely to lead to the discovery of admissible evidence, and as such are not relevant to the causes of action raised by this lawsuit under Federal Rules of Civil Procedure, Rule 26(a)(1)(A)(B); and all remedies under the code, including the right to recess the deposition to bring

a protective order before the Court;

f. PLAINTIFFS reserve all rights and remedies under the Federal Rules of Civil Procedure and the Federal Rules of Evidence pertaining to discovery;

g. CONFIDENTIAL INFORMATION and the information contained therein may not be disclosed, except as set forth in paragraph 4(h) below;

h. CONFIDENTIAL INFORMATION may only be disclosed to the following persons:
   i. Counsel for PLAINTIFFS.
   ii. Paralegal, law clerk, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph 4(h)(i) above.
   iii. Court personnel, including stenographic reporters, necessary for the preparation and processing of this action.
   iv. Any expert or consultant retained in the instant case.
   v. Any individual approved by the Court.
   vi. PLAINTIFF shall be authorized to review CONFIDENTIAL INFORMATION, subject to the limitations set forth in paragraph 4(a).

h. CONFIDENTIAL INFORMATION shall not be divulged to any other person or entities, including the print, radio, television media;

i. CONFIDENTIAL INFORMATION shall not be posted on the internet or on any website;

j. If CONFIDENTIAL INFORMATION is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and **submitted for filing** ~~filed~~ under seal **in accordance with Local Rule 79-5** until further order of the

4
**[PROPOSED]** PROTECTIVE ORDER

Court;

k. In the event that any of the CONFIDENTIAL INFORMATION is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party using CONFIDENTIAL INFORMATION shall take all reasonable steps to maintain its confidentiality during such use; and

l. Nothing in paragraph 4(d) is intended to prevent authorized government officials for the County of Los Angeles from having access to the documents if they had access in the normal course of their job duties;

5. PLAINTIFF, PLAINTIFF's Counsel, DEFENDANTS, and DEFENDANTS' Counsel shall cause the substance of this Protective Order to be communicated to each person to whom CONFIDENTIAL INFORMATION is revealed**, other than the Court and court personnel,** and shall obtain agreement to abide by the Protective Order from each such person.

6. After completion of the judicial process in this case, including any appeals or other termination of this litigation, all CONFIDENTIAL INFORMATION received under the provisions of this Order and copies thereof shall be destroyed or returned to the attorneys of record for DEFENDANTS, Collins Collins Muir + Stewart LLP, 1100 El Centro Street, South Pasadena, CA 91030. This case shall be completed when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded. The provisions of this Order shall be in effect until further order of this Court.

7. Any counsel, expert or consultant retained in the instant case or investigator retained by counsel for any party to this case, shall not disclose the

CONFIDENTIAL INFORMATION or the information contained therein in any other court proceeding subject to further order of this Court.

8. Provisions of this Order insofar as they restrict disclosure and the use of material shall be in effect until further order of this Court.

9. For good cause, any party may seek a modification of this Order, by first attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

IT IS SO ORDERED.

DATED: August 9, 2012

*Carla M. Woehrle*

Hon. ~~Margaret M. Morrow~~
Carla M. Woehrle
United States ~~District Court~~ Magistrate Judge

**~~[PROPOSED]~~ PROTECTIVE ORDER**